Filed 5/16/23  P. v. Solis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096691 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F07362) |
| v. | |
| ALLAN SOLIS, | |
| Defendant and Appellant. | |

In 2006, defendant Allan Solis was convicted of first degree murder and sentenced to 25 years to life plus one year. In June 2022, the trial court denied defendant's second petition to vacate his sentence under Penal Code section 1172.6.[1] On appeal, defendant contends the trial court erred (1) in concluding this court's opinions barred the present petition and (2) by summarily denying the petition without giving the parties an

---

[1]    Undesignated statutory references are to the Penal Code.

1

opportunity to be heard. The People agree that the trial court erred but argue that these errors were harmless given the evidence presented at trial establishing that defendant was the actual killer — including defendant's testimony admitting that he killed the victim — and therefore not eligible for relief under section 1172.6. We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of the present appeal, a summary recitation of the underlying facts will suffice. On August 12, 2004, Ruby P. came to defendant's apartment, and they got into an argument that turned physical. Defendant claimed that Ruby P. grabbed a knife from the kitchen counter and they wrestled for it, each attempting to stab the other. They tripped on an air mattress and defendant stabbed Ruby P. in the neck, killing her.

After a bench trial, the trial court found defendant guilty of first degree murder (§ 187, subd. (a)). The court also found true that defendant personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)). Defendant was sentenced to 25 years to life with an additional consecutive year for the personal use enhancement. We affirmed in *People v. Solis* (Dec. 14, 2007, C053493) [nonpub. opn.].

On January 22, 2019, defendant filed a petition under former section 1170.95.[2] On February 25, 2019, the trial court denied the petition. We affirmed in *People v. Solis* (Jan. 16, 2020, C089326) [nonpub. opn.].

On June 1, 2022, defendant filed a second petition under section 1172.6. He argued that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or a natural and probable consequences theory, that he was convicted of murder, and that he could not now be convicted of murder based

---

[2]     Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10) Hereafter, we refer to the statute by its current designation.

on the recent changes to sections 188 and 189. Defendant requested appointment of counsel. On June 6, 2022, the court appointed a public defender to represent defendant.

On June 22, 2022, the trial court denied the petition. The court concluded that this court's 2007 opinion established as law of the case that defendant's murder conviction was based on his being the actual killer. The court also determined that our 2020 opinion affirming the trial court's denial of defendant's first petition for failure to state a prima facie case of eligibility for relief under section 1172.6 bars his second petition, noting that we made a specific finding that defendant admitted he killed Ruby P.

DISCUSSION

I

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, defining malice, as amended provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her [or their] participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced,

3

solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95, now section 1172.6, which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (See Stats. 2018, ch. 1015, § 4.) This statute allows the petitioner to request appointment of counsel, permits the parties to submit briefing, and requires the court to review the petition to determine if the petition makes a prima facie showing that the petitioner is entitled to relief under the statute, and, upon a prima facie showing, to issue an order to show cause.

Senate Bill No. 775 (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022) further amended section 1172.6, which now provides in relevant part: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her [or their] factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

We review independently the trial court's determination of whether a defendant has made a prima facie showing. (*People v. Patton* (2023) 89 Cal.App.5th 649; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

4

## II

### *Analysis*

The People concede that the trial court erred in a number of respects. First, the trial court did not permit the parties to file briefs and failed to hold a hearing at the prima facie stage as required by section 1172.6, subdivision (c). In short, before deciding that defendant did not make a prima facie showing, the court "did not comply with statutory requirements." (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891 (*Hurtado*).) Second, the People concede that it was an error for the trial court to rely, seemingly exclusively, on our prior opinions. (See *People v. Harden, supra*, 81 Cal.App.5th at p. 50 [law of the case doctrine does not apply at the prima facie stage of a § 1172.6 proceeding]; *People v. Flores* (2022) 76 Cal.App.5th 974, 987-988 [factual summary in appellate opinion cannot establish a defendant's ineligibility for relief under § 1172.6 at the evidentiary hearing or at the prima facie stage]; but see *Lewis, supra*, 11 Cal.5th at p. 972 [appellate opinions are generally considered part of the record of conviction examined at the prima facie stage, but might not supply all the answers].)

The People argue, however, that these errors were harmless. We agree.

The trial court's errors are reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d. 818, 836 (a violation of California law is harmless unless "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of error"). (See *Lewis, supra*, 11 Cal.5th at pp. 973-974; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864; *Hurtado, supra*, 89 Cal.App.5th at p. 893.)

Under this standard, we conclude the trial court's errors were harmless, because the record of defendant's conviction conclusively establishes that he is ineligible for relief. " ' "[I]f the record . . . 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.' " ' [Citation] 'The record of conviction will necessarily inform the trial

court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' " (*Hurtado, supra*, 89 Cal.App.5th at p. 893, quoting *Lewis, supra*, 11 Cal.5th at p. 971.)

We granted the People's unopposed motion to incorporate by reference the record of conviction in *People v. Solis*, case No. C053493, which included defendant's trial testimony that he stabbed Ruby P. in the neck and killed her, the testimony of his friend Edward J. Sabala, Jr., that defendant admitted he stabbed Ruby P., and testimony from Dr. Elizabeth Albers that the cause of death was blood loss from two stab wounds in Ruby P.'s neck. (See *People v. Flores, supra*, 76 Cal.App.5th at p. 988, fn. 8 [trial testimony admissible in § 1172.6 proceedings, unless otherwise excluded by the Evidence Code].) Further, as set forth in the information filed on March 24, 2005, defendant was the sole perpetrator charged with the murder of Ruby P.

On reply, notwithstanding defendant's nonopposition to the People's motion, he argues our review of the record of conviction incorporated by reference is inappropriate. However, a request to incorporate the records from a prior appeal is not uncommon on appeal from a trial court's order on a section 1172.6 petition (and often made by the defendant). (See *People v. Hampton* (2022) 74 Cal.App.5th 1092, 1096, fn. 1 [granting defendant's request to incorporate the records from a prior appeal on appeal from an order on a § 1172.6 petition].) Nothing prevents a reviewing court from independently reviewing the record of conviction on appeal from a denial of a petition brought under section 1172.6. (Cf. *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274.)

Here, the record establishes that defendant was convicted as the "actual killer," a theory that remains valid after Senate Bill 1437. "As a matter of law[,] resentencing relief under section 1172.6 is not available to an 'actual killer.' " (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973; *People v. Patton, supra*, 89 Cal.App.5th at p. 657.) We conclude the trial court's errors were harmless. (*Garcia,* at p. 971.)

DISPOSITION

The order is affirmed.

_____\s\_____,
McADAM, J.*

We concur:

_____\s\_____,
MAURO, Acting P. J.

_____\s\_____,
DUARTE, J.

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7